JOHN DACCHILLE, as Administrator of the Estate of LOUIS A. BERTELING, Deceased, Respondent, v. NEW YORK WORLD TELEGRAM CORP., Appellant.— In a negligence action to recover damages for personal injury sustained by plaintiff's intestate (who died after the trial from causes unrelated to the injury), the defendant appeals from a judgment of the Supreme Court, Kings County, for $20,000, entered December 6, 1962 after a jury trial, the trial having been limited to the issue of defendant's liability. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. The plaintiff's intestate (hereafter referred to as " plaintiff ") was in the employ of a tenant which leased space in a building owned by the defendant. At the time of the accident which caused plaintiff's injury, the plaintiff was walking along an aisle or passageway adjacent to freight elevators on the ninth floor of the building; plaintiff was walking toward a water cooler at the end of the passageway. The elevator door opened upon this passageway. Shortly before the accident, two of plaintiff's coemployees had been engaged in loading several wooden box-trucks on one of the freight elevators. A box-truck is about three feet wide and four feet long; it is used for carting goods; it rolls on wheels affixed at the bottom; and at the time of the accident each box-truck was loaded with electrical equipment and weighed about 150 pounds. After the loading had been completed, it was

discovered that too many of these trucks had been placed upon the elevator, with the result that the elevator door could not close properly and that there was not enough space on the elevator for the two men loading and for the man operating the elevator. Thereupon, one of them proceeded to remove one of the trucks from the elevator and, while he was engaged in attempting to drag the truck off and while his back was toward the passageway, he collided with the plaintiff, causing him to fall. The proof showed that at the time of the accident the elevator was approximately one to one and one-half inches below the level of the ninth floor. The gravamen of the cause of action against the defendant owner is negligent maintenance and operation of the elevator. Under all the circumstances, it is our opinion that there is no basis for predicating a finding of proximate causation or of actionable negligence on the part of the defendant. The bounds of actionable negligence, as set forth in the leading case (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339), limit the legal responsibility of a defendant to those injuries which he reasonably could have foreseen to be within the scope of the risk created by his act or by his omission to act (cf. *Williams* v. *State of New York*, 308 N. Y. 548; *Ranney* v. *Habern Realty Corp.*, 281 App. Div. 278, affd. 306 N. Y. 820; 2 Harper and James, Law of Torts, § 18.2). The test is the reasonable foreseeability of the risk; reasonable foresight only is required, not prophetic vision (*Nucci* v. *Warshaw Constr. Corp.* 13 A D 2d 699, affd. 12 N Y 2d 16). Here, the risk was not reasonably foreseeable. Christ, Brennan, Hill and Rabin, JJ., concur; Kleinfeld, Acting P. J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the proof raised fact-issues for the jury's determination as to: (a) whether the elevator's position, about one or one and one-half inches below the floor level, was the proximate cause, or at least a concurring cause, of the accident; and (b) whether defendant should reasonably have foreseen the risk to one of the employees walking through this passageway to reach the water cooler at the far end, in view of the fact that it appears to have been the common practice of the employees to make such use of the passageway. The jury, as trier of the facts, resolved those issues in plaintiff's favor; and on this record, we have no right to disturb its determination.